CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DELMAR LOUIS SMITH,** ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00194 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **GERALD MCPEAK, et. al.,** ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff Delmar Louis Smith, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Smith alleges that the defendants, officers at the New River Valley Regional Jail (NRVRJ), have violated his constitutional rights by refusing to provide him with access to Virginia statute books that he needs to prepare for proceedings in his state criminal case. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

Smith alleges the following sequence of events from which his claims arise. He was charged with aggravated malicious wounding and was appointed counsel through the Public Defender's office. Smith later learned that the Public Defender had withdrawn from his case. On July 3, 2007, he filed a written request with NRVRJ officials, seeking access to Virginia code books so that he could file a petition with the Pulaski County Circuit Court, because his attorney had withdrawn. In reply to his request, an officer informed him that his newly appointed counsel was Angi Morris and

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

that as he had counsel, he was not entitled to access the requested code books. Smith alleges that at this time, he had not met or talked to his new attorney and needed to file a petition with the court to seek preservation of evidence; specifically, he wished to take a deposition from a potential witnesses, who has since died. When Smith heard that his case had been scheduled for a preliminary hearing in October 2007, he again requested and was denied access to law books at the jail. This denial of access prevented him from subpoenaing witnesses for the preliminary hearing. He finally met with his attorney for the first time in December 2007 and is scheduled for a jury trial in March 2008. At the end of the trial, however, he will also face a probation violation hearing, and no attorney has been appointed to represent him at that proceeding.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inmates have a guaranteed right to reasonable access to both state and federal courts and to communication with attorneys. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" and other materials necessary to meaningful pursuit of litigation. Bounds v. Smith, 430 U.S. 817, 828 (1977) (emphasis added). Bounds did not invest inmates with an independent right to a well-stocked prison law library, to unlimited access to legal materials at the jail, or to participate in whatever type of legal proceedings they wish. Lewis v. Casey, 518 U.S. 343, 351 (1996). Where an inmate has

2

had access to court and to his attorney, but alleges facts showing denial of some item necessary for meaningful pursuit of litigation, such as legal materials or postage, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Id. Stated differently, an inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions; specifically, he must show that he was unable to file the initial complaint or that because of the alleged interference, a complaint he filed was so technically deficient that it was dismissed without consideration of his viable claims. Id.

The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim. Id. at 354. Moreover, Bounds does not give inmates any option "as to the form in which he elects to obtain legal assistance." United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978). The government with the obligation to provide the assistance has the option to decide what form of legal assistance to provide for its inmates. Id. Once the government at issue has provided a defendant with counsel to represent his interests during criminal proceedings, its obligations to provide legal assistance to that defendant are satisfied, even if the defendant distrusts or declines counsel. Id. Thus, where a criminal defendant has counsel, the jail where that defendant is housed pretrial has no constitutional duty to provide that defendant with access to legal materials; jail officials may rightly rely on the defendant's defense counsel to provide all legal assistance required by the Constitution. Id.

III

Under these principles, Smith's allegations fail to state any constitutional claim. At all times when he requested access to legal materials, jail officials were aware that he had been appointed

3

counsel by the court. Therefore, these officials were not obligated to provide him with access to legal materials at the jail, related to his criminal proceedings. Smith does not have any right under Bounds to depose or subpoena witnesses himself, when he has court-appointed counsel to handle these matters for him. He also fails to demonstrate that the absence of any particular witness at trial will be critical in any specific way to his chances of a successful defense or any other injury his litigation efforts at trial are likely to suffer because he has been unable to do personal research in criminal law. In any event, as stated, he must discuss such matters with counsel, whom the state has provided in fulfillment of Smith's right to legal assistance for his criminal case.

As to the probation revocation hearing, Smith does not allege that he has any viable claims to research related to this proceeding. If he is convicted on his new charges, that fact alone will likely provide sufficient grounds for revocation of his probation on previous charges, and his defense case at the revocation hearing will be limited to describing reasons that he believes that the court should exercise its discretion not to revoke. Nor has he otherwise shown how lack of access to legal materials related to revocation proceedings will have any adverse effect on the outcome. Alternatively, Smith does not offer any indication that he made any requests to jail officials for access to legal materials related to his upcoming revocation hearing or that he has provided them with proof that his criminal defense attorney will not also represent him at the revocation hearing. Failure to exhaust administrative remedies before filing suit is grounds for dismissal of this claim. See 42 U.S.C. § 1997e(a).

Finding no ground on which Smith could be entitled to relief under § 1983, the court will dismiss his complaint, pursuant to §1915A(b)(1), for failure to state a claim. An appropriate order shall be entered this day.

4

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge